# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| ATLANTA FIBERGLASS USA, LLC, | |
| Plaintiff, | |
| v. | 1:18-cv-1868-WSD |
| SINOMA SCIENCE & TECHNOLOGY CO. LTD., WANG YI, LIU TIEJUN, DING GUANBAO, and XI JIANYA, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Atlanta Fiberglass USA, LLC's ("AFG") Motion for Temporary Restraining Order (the "Motion") [5].

## I. BACKGROUND[1]

AFG is a Georgia limited liability company owned solely by Mr. Madanjit Oberoi. Defendant Sinoma Science & Technology Co. Ltd. ("Sinoma") is a company organized under the laws of the People's Republic of China. The individual defendants Wang Yi, Liu Tiejun, Ding Guanbao, and Xi Jianya,

---

[1] The facts are taken from AFG's Amended Complaint [8].

(collectively, the "Individual Defendants") are officers of Sinoma and citizens of the People's Republic of China.

AFG is a worldwide distribution and manufacturing company dealing in high quality fiberglass fabrics. Sinoma is a producer of filter fabrics in China. On September 10, 2012, Sinoma and AFG entered into a Sales and Marketing Agreement (the "Agreement") by which the parties agreed to engage in a "joint venture" to provide Sinoma access to North American markets. ([8.1]). From 2012 through June 2016, the parties performed under the Agreement.

In June 2016, near the expiration of the Agreement, the parties amended the Agreement and extended the relationship for another four years (the "Amendment"). ([8.2]). Among other changes, the Amendment altered the way in which AFG was paid. For the first time, customers were required to deliver payment directly to Sinoma, instead of the AFG, and Sinoma was then required to pay AFG an eight percent commission.[2]

AFG alleges that, immediately after entering into the Amendment, Sinoma began taking steps to circumvent its obligations under the Agreement and Amendment, including failing to pay commissions, contacting AFG's customers,

---

[2] This change was prompted by Mr. Oberoi's desire to retire, which he expected to do about five years later.

exchanging purchase orders and invoices without notification to AFG, and improperly using AFG's confidential information.

On April 30, 2018, AFG filed its Complaint asserting claims for breach of contract, defamation, fraud, breach of fiduciary duty, and injunctive relief. ([1]).

On May 3, 2018, AFG filed its Motion seeking an order requiring unidentified third-party customers of Sinoma ("Sinoma Customers") to refrain from paying or transferring funds to Sinoma for a period of ten days and for leave to immediately serve discovery on Defendants while they are visiting the United States, including an order that Defendants present a corporate representative for a deposition on May 9 or 10. ([5]). AFG submitted scant factual information by affidavit or verified complaint to support the allegations offered in the Complaint and Motion.

On May 4, 2018, the Court held a telephonic conference during which the Court determined the Motion did not meet the requirements of Rule 65 of the Federal Rules of Civil Procedure and declined to grant, ex parte, AFG's motion for a temporary restraining order. AFG represented in the Motion, and confirmed during the telephone conference, that the Defendants would be in Atlanta, Georgia, arriving on or about May 5, 2018. AFG further represented that it would serve the Defendants with the Complaint, Motion, supporting filings, and the Court's May 4,

2018, Order on Sunday, May 6, 2018. The Court scheduled a hearing on the Motion for Monday, May 7, 2018. ([7]).[3]

On May 6, 2018, Defendants were served with copies of the pleadings and the Court's May 4, 2018, Order directing them to be present or represented by counsel at the hearing. ([9]). Also on May 6, 2018, AFG filed its Amended Complaint. ([8]).[4]

On May 7, 2018, the Court heard oral argument on the Motion. Defendants were not present or represented by counsel and they did not contact the Court to represent that they desired to attend but were unable.

## II. DISCUSSION

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d

---

[3] The Court also ordered Atlanta Fiberglass to file an Amended Complaint identifying each of Atlanta Fiberglass's members, and stating their citizenship, in order to establish the Court's jurisdiction.

[4] The Amended Complaint identified Mr. Oberoi as AFG's only limited liability company member and stated Mr. Oberoi is a citizen of Georgia, thus establishing diversity jurisdiction over the parties.

1223, 1225–26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four requirements.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citation omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir.1975) (grant of preliminary injunction "is the exception rather than the rule," and plaintiff must clearly carry the burden of persuasion).

Federal Rule of Civil Procedure 65 governs who may be bound by a federal injunction:

> (2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:
>
>> (A) the parties;
>>
>> (B) the parties' officers, agents, servants, employees, and attorneys; and
>>
>> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d).  Rule 65 contemplates two categories of nonparties who can be enjoined.  ADT LLC v. NorthStar Alarm Servs., LLC, 853 F.3d 1348, 1352 (11th Cir. 2017).  "The first category is comprised of parties who aid and abet the

party bound by the injunction in carrying out prohibited acts. The second category, captured under the general rubric of 'privity,' includes nonparty successors in interest and nonparties otherwise 'legally identified' with the enjoined party." Id. (internal citations and quotations omitted).

AFG has failed to establish that it has a substantially likelihood of success on the merits at trial. The Motion does not include an affidavit from Mr. Oberoi.[5] There are no facts before the Court to support that Sinoma breached the Agreement or the amount of the alleged breach, and thus the record does not support that AFG has a likelihood of success on the merits. The failure of this element requires denial of the Motion. See Am. Civil Liberties Union of Fla., Inc., 557 F.3d at 1198.

While counsel for AFG argues that there is no process in China to enforce a judgment reached by a court in the United States, there is no record evidence or legal authority to support this assertion. Thus Plaintiff has not shown that it has an inadequate remedy at law.

Importantly, AFG failed to establish that the Court may grant the relief requested. AFG seeks an order enjoining the Sinoma Customers from making payments to Sinoma, or alternatively, ordering the Sinoma Customers to deposit

---

[5] Counsel for AFG assured the Court during the May 4, 2018, conference that an affidavit would be filed. It was not.

8% of proceeds with the Register of the Court for a period of at least ten days.[6] The Sinoma Customers are not parties in this action and there is no evidence that they are engaged in conduct other than their action to pay for goods which they purchased and received. That is, there is no record evidence that the third-party customers aided, abetted, assisted, or even knew of the dispute between the parties in this action. Simply put, Rule 65 does not allow the injunctive relief AFG seeks. Counsel for AFG acknowledged that the Sinoma Customers are paying Sinoma pursuant to their own contractual obligations and to enjoin them from complying with their duties would be extraordinary.

    Finally, AFG seeks comprehensive and immediate discovery including depositions to be conducted on May 9 and 10, before the representatives of Defendant leave for China on May 12, 2018. The discovery requested over a very compressed period is not reasonable. The Court will, however, alter the discovery rules by allowing AFG to conduct a deposition under Federal Rule of Civil Procedure 30(b)(6) of Sinoma's corporate representative. The notice of deposition and topics to be covered shall be served immediately, but no later than 5:00 p.m. on May 8, 2018. The deposition may be conducted on May 11, 2018, at a time agreed upon by the parties.

---

[6] At the May 7, 2018, hearing, AFG presented the Court with a list of the Sinoma Customers it seeks to enjoin.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Atlanta Fiberglass USA, LLC's Motion for Temporary Restraining Order [5] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Atlanta Fiberglass USA, LLC is permitted to serve on Sinoma a notice under Federal Rule of Civil Procedure 30(b)(6) to depose Sinoma's corporate representative on the topics listed in the notice. The deposition shall be scheduled for May 11, 2018, at a time agreed upon by the parties.

**SO ORDERED** this 7th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE